UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY J. CARROLL,

    *Plaintiff*,   CASE NO. 1:14-CV-14514-TLL-PTM

*v.*

ONEMAIN FINANCIAL, INC.   DISTRICT JUDGE THOMAS L. LUDINGTON
aka CITIGROUP, INC., and   MAGISTRATE JUDGE PATRICIA T. MORRIS
ONEMAIN FINANCIAL
HOLDINGS, INC.,

    *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(Doc. 2)

### I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

### II.    REPORT

#### A.    Introduction

On December 19, 2014, United States District Judge Thomas L. Ludington referred all pretrial matters in this case to United States Magistrate Judge Patricia T. Morris for general case management. (Doc. 3.) Plaintiff's Application to Proceed *In Forma Pauperis*, (Doc. 2), is currently before the Court. A report and recommendation is appropriate in this case, because a magistrate judge does not have the authority to deny pauper status. *See Woods v. Dahlberg*,

894 F.2d 187, 187 (6th Cir. 1990) (reasoning that the denial of *in forma pauperis* is the "functional equivalent of an involuntary dismissal").

### B.     Governing Law

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his or her inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. 335 U.S. 331, 339-40 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458, 459 (8th Cir. 2000) ("[IFP] status does not require a litigant to demonstrate absolute destitution."). An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

"In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System,* No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 123 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005) (the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend"); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts may consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend'").

The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status. *Onischuk v. Johnson Controls, Inc.*, 182 F. App'x. 532, 2006 WL 1307456, at *1 (7th Cir. May 3, 2006) (affirming denial of IFP status

3

where Plaintiff refused to disclose wife's income on affidavit); *Upshur v. M/I Schottenstein Homes, Inc.*, 202 F.3d 262, 1999 WL 1221393, at *1 (4th Cir. Dec. 21, 1999) (affirming denial of IFP status where Plaintiff failed to provide information about his wife's income).

    C.    **Plaintiff's Affidavit**

In this case, Plaintiff indicates that he is retired and that he receives $34,800 gross pay per year from Social Security and Delphi. (Doc. 2 at 1.) Plaintiff also states that he has $100,000 saved in an IRA. (*Id.* at 2.) He owns his home, which he indicates is worth $50,000, and he owns property worth $15,000. (*Id.*) He claims to have $1021 in monthly expenses but is unsure how much his child, who is in college, costs him per month. (*Id.*) He indicates that $216 of the monthly expenses is to pay off an unsecured loan, but he does not indicate how much he owes on the loan. (*Id.*)

    D.    **Analysis and Conclusion**

In light of Plaintiff's income, assets, and lack of any dependents under the age of eighteen, I suggest that Plaintiff possesses the financial ability to cover the costs of litigation without undue financial hardship. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in this application. *See, e.g.*, *Paco v. Myers*, No.13-00701, 2013 WL 6843057, at *2 (D. Hawai'i Dec. 26, 2013) (adopting report recommending denying IFP where the plaintiff had a monthly income of $1,729 despite fact that wife was financially dependent on the plaintiff); *Will v. Chase Home Finance*, No. 4:13-CV-387-Y, 2013 WL 5967839, at *1 (N.D. Tex. Nov. 8, 2013) (adopting report recommending that IFP application be denied where plaintiff's income was $2700 per month); *Brown v. Dinwiddle*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his

appeal); *Whatley v. Astrue*, No. 11-CV-1009, 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011) (denying IFP application where, after child support and other obligations were accounted for, the plaintiff retained $36,000 per year in disability income); *Ficken v. Golden*, No. 09-0071, 2009 WL 637001, at *1 (D.D.C. Mar. 9, 2009) (denying IFP application where the plaintiff complained of a "negative cash flow situation" but also reported a pension in the amount of $16,440, social security benefits of $10,340, interest income of $200, rental payments of $11,560, rebates and sales of $500 over the past twelve months, ownership of a rental house, and ownership in a family farm valued at $32,800); *Powell v. Harris*, No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

      In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of his litigation and still provide for himself. Accordingly, I suggest that Plaintiff's application be denied because his access to court is not blocked by his financial condition, but rather he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims.

### III.   <u>REVIEW</u>

      Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 31, 2014                /S PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge