UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY J. CARROLL,

    *Plaintiff*,

v.

ONEMAIN FINANCIAL, INC.
a/k/a CITIGROUP, INC., and
ONEMAIN FINANCIAL HOLDINGS, INC.,

    *Defendants*.
_____/

CASE NO. 1:14-CV-14514

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' RENEWED MOTION TO DISMISS AND/OR
COMPEL ARBITRATION**
(Doc. 20)

### I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Defendant's Renewed Motion to Dismiss and/or Compel Arbitration (Doc. 20) be **GRANTED**, arbitration be compelled, and that this case be dismissed without prejudice.

### II.   REPORT

#### A.   Introduction

Before the Court is Defendants' motion to dismiss and/or compel arbitration. (Doc. 20.) Plaintiff's *pro se* complaint avers violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., based on Defendants' alleged reporting of erroneous information that appeared on Plaintiff's credit report. (Doc. 1.) On May 28, 2015, Defendants filed the instant motion to dismiss and/or to compel arbitration (Doc. 20,) and Plaintiff responded (Doc. 23.) The

motions have been fully briefed and are ready for Report & Recommendation without oral argument.

### B. Governing Law and Analysis

#### i. Motion to Dismiss Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. Rule 12(d) provides the operative language: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The "pleadings" the rule refers to are seven narrow classes of documents defined in Rule 7(a).

Courts presented with matters outside the pleadings may proceed under Rule 12(b)(6) or convert the motion to dismiss into one for summary judgment under Rule 56. *See Brigolin v. Blue Cross Blue Shield of Michigan*, 516 F. App'x 532, 536 (6th Cir. Mar. 4, 2013).

However, the Rules allow courts to consider certain extrinsic documents at the dismissal stage. Pertinent to the present case, the Court may examine documents Defendants have attached to their motions to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quotation omitted). Both conditions—reference in the complaint and centrality to the complaint—are necessary for the rule to apply. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (analyzing whether the document was both integral to the complaint and referenced in it); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (noting that a court can consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein"). In addition, "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bassett*, 528 F.3d at 430. Certain limitations apply when taking judicial notice, chief among which is that the court cannot accept the truth of the matters asserted in the documents. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

Here, Defendants have attached a copy of the security agreement and the arbitration agreement. (Doc. 20 at ID 109-13.) All of these documents are properly within the Court's purview as they are central to the claims raised by Plaintiff.

3

### ii. Analysis

Defendant contends that the arbitration agreement covers the disputes raised in the instant complaint and compels dismissal in favor of arbitration. (Doc. 20.) Plaintiff argues that any private arbitrator would lack subject matter jurisdiction over the claims, that the arbitration clause is unconscionable because it requires Plaintiff to arbitrate in a distant state, that arbitration cannot be imposed with the consent of both parties, and that since Plaintiff is current on his loan, there is no dispute between borrower and lender. (Doc. 23.)

"The Federal Arbitration Act codifies a national policy in favor of arbitrating claims when parties contract to settle disputes by arbitration." *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 370 (6th Cir. 2014). The pertinent question is whether there is a valid agreement between the parties and whether the specific dispute falls within the substantive scope of the agreement. *Id*. at 371. Any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Stated another way, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). "[A]n enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit." *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012). Since arbitration agreements are contracts, federal courts apply state law when interpreting an arbitration agreement. *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007).

The Sixth Circuit uses a four factor test to determine if a case should be dismissed and arbitration compelled: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are involved, whether Congress intended for those

claims to be arbitrable; and (4) if only some of the claims are subject to arbitration, whether the nonarbitrable claims should be stayed pending arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

In the instant case, the arbitration agreement compels arbitration as to any "claim" which it defines as any "case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us." (Doc. 20 at ID 112.) The agreement then provides a list of claims the agreement contemplates, which "includes, without limitation, anything related to: This Note, this Agreement . . . Any Credit Transaction . . . Any documents or instruments that contain any information about any Credit Transaction, Insurance, Service or Product…Any federal or state statute or regulation." (Doc. 20 at ID 112.) In addition, the arbitration agreement lists claims "[e]xcluded from Arbitration," none of which apply to the instant case. (*Id*.) The parties to the instant lawsuit both signed the agreement and there is no allegation that Plaintiff was under duress or was acting involuntarily when he entered into the agreement.

I find that under the factors set forth by the Sixth Circuit, the instant dispute between the parties to the arbitration agreement should be compelled to undergo arbitration. The parties agreed to arbitrate, as evinced by their entering into the agreement, and the scope of the agreement is sweepingly broad, covering every case, controversy, dispute, tort, disagreement, lawsuit, or claim. *See Fazio, supra*. Although Plaintiff's claims arise under a federal statute, the FCRA, there is no indication that Congress did not intend those types of claims to be subject to agreed-upon arbitration. The Supreme Court has held that arising under a federal statute alone does not provide a "reason to depart" from the presumption in favor of arbitrability. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985). Courts have not distinguished claims brought under the FCRA from this general rule. *Campbell v. Verizon*

5

*Wireless, Inc.*, No. 14-0517-WS-N, 2015 WL 416484, at *8 (S.D. Ala. Jan. 29, 2015) (finding no evidence that Congress intended to exclude claims brought under the FCRA or FDCPA from arbitration agreements); *Grether v. South Point Pontiac/Cadillac*, No. A-13-CA-1069-SS, 2014 WL 1350907, at *3 (W.D. Tex. Apr. 3, 2014) (finding no legal constraints that would foreclose arbitration of FCRA claims); *Mann v. Equifax Information Services, LLC*, No. 12-cv-14097, 2013 WL 3814257, at *9 (E.D. Mich. July 22, 2013) (holding that an arbitration agreement applied to plaintiff's FCRA claim); *Mitchell v. Sajed*, No. 3:13-CV-312, 2013 WL 3805041, at *4 (E.D. Va. July 22, 2013) (arbitration agreement applied to FCRA claim even though not specifically referenced in agreement since agreement covered any claim, dispute or controversy).

As to the fourth and final factor, I suggest that all the claims are subject to arbitration such that a stay would be inappropriate. *See Fazio, supra.* Under the FAA, courts may stay proceedings until arbitration has been held, 9 U.S.C. §3; nonetheless, where all of a party's claims are subject to arbitration, courts may properly dismiss the complaint rather than stay proceedings. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Morrissette v. Pinnacle Asset Group, LLC*, No. 14-10259, 2014 WL 7792548, at *3 (E.D. Mich. Nov. 5, 2014).

I therefore suggest that Plaintiff's claims are within the scope of the arbitration agreement and that their resolution should be in the arbitration forum rather than this court.

To the extent Plaintiff posits that the agreement was unconscionable in general, this assertion alone, without any supporting argument, is insufficient to undermine enforcement of the arbitration agreement. *See Inetianbor v. Cashcall, Inc.*, 923 F. Supp. 2d 1358, 1363 (S.D. Fla. Feb. 15, 2013) (enforcing an arbitration agreement over a plaintiff's unsupported assertions of unconscionability.) Finally, Plaintiff's contention that he should not be compelled to arbitration in a "distant state" is similarly unsupported. (Doc. 23 at 3). The arbitration agreement clearly

6

states that "[t]he arbitration shall be conducted in the county of Your residence, unless all parties agree to another location." (Doc. 20 Ex. A). Section 4 of the FAA provides that where a party involves the jurisdiction of a federal court over a matter that the court could adjudicate but for the presence of an arbitration clause, "[t]he court shall . . . direc[t] the parties to proceed to arbitration in accordance with the terms of the agreement" and the arbitration must take place "within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. §4. Therefore, the parties should proceed to arbitration in the Eastern District of Michigan.

### C. Conclusion

For the reasons above, I recommend granting Defendants' motion to dismiss (Doc. 20), compelling arbitration, and dismissing the case without prejudice.

### D. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 29, 2015                             S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class mail to Terry J. Caroll at 24 W. Almeda Beach Road, Pinconning, MI 48650.

Date: June 29, 2015                     By s/Kristen Krawczyk
                                         Case Manager to Magistrate Judge Morris